UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Zachary Neff, | ) | CASE NO. 1:22 CV 2104 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Citizens Bank, N.A., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant Citizens Bank, N.A.'s Motion for Summary Judgment. (Doc. 29). For the following reasons, the motion is GRANTED.

**Facts**

In October 2022, plaintiff filed this Complaint in the Cuyahoga County Common Pleas Court against defendant Citizens Bank. Defendant thereafter removed the case to this Court on the basis of diversity.

The Complaint alleges the following. Defendant, a bank with a branch in Brecksville, Ohio, employed Chelsea Uhrig. Jesse Warren was a customer. In August 2021, plaintiff received a document from Warren that was notarized by Uhrig. The document, attached to the

1

Complaint, is the Promissory Note at issue in the amount of $20,000.00. The note is dated August 27, 2021, and is executed by plaintiff as lender and Warren as borrower. (Doc. 1 Ex. 1). The note attaches a separate page with the notary certification of Uhrig dated August 27, 2021, of Warren's signature. In November 2021, Warren defaulted on the note. In August 2022, Warren was convicted of civil fraud in Medina County. It is plaintiff's belief that Uhrig was a part of the fraud, and forged Warren's signature at Warren's request. The forgery took place at Citizens Bank at the Brecksville branch where Uhrig was a full-time employee. The Complaint sets forth one claim for "gross negligence" which alleges that defendant was negligent in its hiring, retention, training, and supervision. (Doc. 1).

Defendant filed an answer and admitted that Uhrig was its employee. Defendant further states that plaintiff obtained a judgment against Warren on the Promissory Note in the Medina County Court of Common Pleas (Case No. 22 CIV 0148). Defendant attaches a certified copy of the August 24, 2022 Magistrate Judge decision granting plaintiff's motion for default against defendant Jesse Warren for compensatory and punitive damages. The September 12, 2022 Journal Entry signed by Judge Collier adopting the decision is also attached. (Doc. 7 Ex. A).[1]

Plaintiff executed on the judgment by reducing it to a lien on November 21, 2022. (Doc. 29 Ex. 1 at 32).

Defendant submits the affidavit of Chelsea Uhrig. She avers the following. She was employed as a Banker at the Citizens Bank branch in Brecksville, Ohio on August 27, 2021. In

---

[1] The Court takes judicial notice of the Medina County Common Pleas Court docket which shows that plaintiff's Complaint filed against Warren on February 25, 2022, alleges that Warren defaulted on the August 27, 2021 Promissory Note among others.

that role, she notarized documents for customers of the bank. While employed at Citizens, she kept her notary stamp in a locked cabinet and did not remove it from the bank branch. While a notary public, she kept a log of the documents she notarized. Excerpts of the log are attached. Uhrig was not present in the branch on August 27, 2021, and her log does not reflect that she notarized any documents on that date. She did not sign the Promissory Note, she did not sign Warren's name to the note, and she does not know Warren or plaintiff personally. (Doc. 29 Ex. 2). Uhrig's deposition was taken. She testified that according to her notary log, she notarized two affidavits at the bank for Jesse Warren on August 11, 2021. While employed at Citizens, Uhrig never notarized documents outside the bank. She was not in the bank on August 27, 2021, and could not have notarized any documents for Warren on that date. (Uhrig depo.). Daniel Higashi, the Brecksville bank manager, avers that Uhrig kept her notary stamp in a locked cabinet while employed at the bank. Only she had access to it and, in her absence, Higashi and another employee had dual control. Higashi states that Uhrig was not working or present at the bank branch on August 27, 2021. (Higashi aff.).

This matter is now before the Court upon defendant's Motion for Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its

> motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

Defendant argues that it is entitled to judgment as a matter of law. Defendant maintains

that the Complaint is barred by the doctrine of judicial estoppel. This doctrine

> applies to bar "a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.' " *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). When applying the doctrine, courts consider (1) whether a party's later position is "clearly inconsistent" with its earlier position; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (internal quotation marks omitted).

*Ohio ex rel. Yost v. Breen*, 2023 WL 3918496, at *7 (6th Cir. June 9, 2023) (applying Ohio law). See also *Greer-Burger v. Temesi*, 116 Ohio St. 3d 324, 330, (2007) ("The doctrine [of judicial estoppel] applies only when a party shows that his opponent: (1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court.") For the following reasons, the Court agrees with defendant that plaintiff's Complaint is barred on this basis.

Plaintiff filed the earlier action in the Medina County Court of Common Pleas alleging, *inter alia,* that Warren committed breach of contract by failing to pay on the August 27, 2021 Promissory Note that he had signed with plaintiff. Plaintiff attached a copy of the executed note to that complaint. Clearly, it was plaintiff's position in that court that the Promissory Note was valid and enforceable. Otherwise, there could not have been a breach of contract. The Medina County Court adopted the position that the Promissory Note dated August 27, 2021, entered into between plaintiff and Jesse Warren was valid and enforceable when it granted a full default judgment in plaintiff's favor "upon consideration of the evidence and testimony presented."

5

Plaintiff's position in this Court that Jesse Warren's signature on the August 27, 2021 Promissory Note was forged and, therefore, the Promissory Note is invalid and unenforceable is inconsistent with his prior representation to the Medina County Court. As evidenced by the Judgment, the Medina County Court was persuaded by plaintiff to accept the Promissory Note as a valid and enforceable contract signed by plaintiff and Warren.

Moreover, judicial acceptance by this Court of the inconsistent position would create the perception that either the first court (Medina County) or this Court was misled. Additionally, plaintiff would derive an unfair advantage if not estopped. Specifically, plaintiff could possibly recover twice for the amount of the Medina County judgment- from both Warren and defendant herein.

Plaintiff relies on California state law to argue that the elements of judicial estoppel have not been met. However, Ohio law applies in this diversity action. "Federal courts in diversity cases apply the choice of law rules of the state in which they sit." *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Ohio has adopted the approach of the Restatement (Second) of the Law of Conflicts, which applies the law of "the state with the most significant relationship to the transaction and the parties." *Power-Tek Sols. Servs., LLC v. Techlink, Inc.*, 403 F.3d 353, 357 (6th Cir. 2005). The Court considers factors including the place of contracting, the place of negotiation, the place of performance, the location of the contract's subject matter, and the places of incorporation and business of the parties. *Id.* Plaintiff's Complaint shows that he is a resident of Arizona and Warren is a resident of Ohio. The Promissory Note was allegedly signed by Warren in Ohio. The fraud allegedly occurred at the Citizens Bank in Brecksville, Ohio. There is no connection to California.

Next, plaintiff maintains that the Medina County Court did not rule on the validity of the Promissory Note. However, a court cannot enter judgment on a promissory note if the note is invalid. *Nexstep Healthcare, LLC v. Patrician Skilled Nursing Ctr.,* 2007 WL 64731 (Ohio 8th App.Dist. Jan. 11, 2007). Plaintiff also points out that subsequent to receiving the judgment in Medina County, he filed a Motion to Correct Judgment Entry which requested that the word "fraud" be inserted and that he be granted "never-ending interest" against Warren. (Doc. 36 Ex. 17). The court denied the motion. Plaintiff contends that this shows that the Medina County Court found the contract to be invalid. However, the court made no such finding, and simply denied the motion. (*Id.*). Finally, plaintiff asserts that the Medina County Court was not misled because it was unclear at that time who else was involved in Warren's fraud. Again, plaintiff represented to that state court that the note was valid. Otherwise, he could not have received the judgment or executed on the judgment by reducing it to lien.

For these reasons, plaintiff is judicially estopped from bringing this action and his Complaint is dismissed on this basis.

Defendant argues that even if the Complaint is not barred by judicial estoppel, plaintiff's claim for negligent hiring, supervision, training, and retention fails. This Court agrees.

Under Ohio law, a plaintiff must prove

> the following five elements to impose liability upon an employer for a claim of negligent hiring, supervision and retention: (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's knowledge of the employee's incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) a causal link between the employer's negligence in hiring, supervising, and retaining the plaintiff's injuries. *Lehrner v. Safeco Ins./American States Ins. Co.*, 171 Ohio App.3d 570, 872 N.E.2d 295, 305 (2007) (citation omitted).

*Est. of Barney v. PNC Bank, Nat. Ass'n,* 714 F.3d 920, 929 (6th Cir. 2013). Negligent hiring

encompasses failure to train. *Colston v. Cleveland Public Library,* 552 Fed.Appx. 332 (6th Cir. 2013). In order to prevail on a negligent hiring claim, plaintiff must show that an accused employee is individually liable for a tort against plaintiff, who then seeks recovery against the employer. *Id.* (citations omitted).

At a minimum, plaintiff cannot show that Uhrig committed any act which caused him injury. Uhrig's affidavit establishes that she was not present in the bank branch on August 27, 2021, her notary log does not reflect that she notarized any documents on that date, she did not sign the Promissory Note at issue, she did not sign Jesse Warren's name on the note, and she never signed her name to a notarial certificate in blank and gave it to a third party to complete outside her presence. (Uhrig aff.). Uhrig's deposition establishes that while she notarized two affidavits for Jesse Warren at the bank on August 11, 2021, she was not in the bank branch on August 27, 2021, and, consequently, did not notarize any documents that day. (Uhrig depo.). Uhrig kept her notary stamp in a locked cabinet at the bank and did not remove it from the bank branch. (Uhrig aff., Higashi aff.).

Plaintiff has not submitted any evidence which would controvert these assertions. Plaintiff offers the opinion of his expert Beth Chrisman who opines that Jesse Warren did not sign the August 27, 2021 Promissory Note or the August 11, 2021 affidavit. (Doc. 36 Ex.5). Defendant points out that the report is not authenticated, does not address whether Uhrig notarized the note, and does not refute Uhrig's attestations. Plaintiff also points to Warren's affidavit filed in a state court case wherein he attests that he signed the promissory notes in Uhrig's presence. But, even assuming that plaintiff could establish any act or omission on Uhrig's part, plaintiff cannot demonstrate that it caused plaintiff's injury. Plaintiff argues that he

relied on Uhrig to notarize the note and that he later learned it was fraudulent. It is undisputed, however, that plaintiff received a judgment on the Promissory Note in the Medina County Court of Common Pleas when Warren defaulted on the note. Plaintiff received what he bargained for in the note.  The note shows that in exchange for the money loaned to Warren, Warren promised that plaintiff could enforce the note if he defaulted. Plaintiff did so and the note was adjudicated valid and enforceable.  Plaintiff was awarded damages for the breach. Any damages plaintiff suffered are a result of his decision to lend money to Warren who failed to repay the loan, and not of any actions taken by defendant Citizens. Thus, plaintiff's claim of negligent hiring, supervision, and training fails on the merits as well.[2]

### Conclusion

For the foregoing reasons, defendant Citizens Bank, N.A.'s Motion for Summary Judgment is granted.

IT IS SO ORDERED.

Dated: 9/12/23

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

---

[2] Even assuming there was an issue of fact as to the other elements of the negligent supervision claim, the Court agrees with defendant that there is no issue of fact as to whether defendant could have foreseen any alleged malfeasance by Uhrig regarding notarization of the note, or had actual or constructive knowledge of Uhrig's incompetence so as to hold defendant liable on its own. (Doc, 37 at 4-5, Doc. 39 at 5-7).